THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
Email: jferry@kelher.com
Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

GLENN R. KANTOR (SBN 122643)
CORINNE CHANDLER (SBN 111423)
BRENT D. BREHM (SBN 248983)
KANTOR & KANTOR, LLP
17216 Parthenia Street
Northridge, CA 91325
Tel: (818) 886-2525
Fax: (818) 350-6272
Email: gkantor@kantorlaw.net
Email: cchandler@kantorlaw.net
Email: bbrehm@kantorlaw.net
Attorneys for Plaintiff
JEFFREY SIMON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SIMON,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and THE LIPMAN COMPANY, INC. LONG TERM DISABILITY PLAN<br><br>  Defendants | Case No.: C07-2213 WDB<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 30, 2007<br>Crt: 4 (Oakland)<br>Time: 4:00 p.m. |

1   Comes now Defendant Unum Life Insurance Company of America ("Unum") and
2   Plaintiff Jeffrey Simon ("Simon") and jointly submit this initial case management conference
3   statement pursuant to Local Rule 16-9.

**1.     JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(a), (e), (f) and (g) of ERISA.

Defendant Unum has been served and has appeared.

Defendant The Lipman Company, Inc. Long Term Disability Plan has not been served. Plaintiff is in the process of amending the Complaint to name the correct Plan entity and ascertaining the entity responsible for accepting service upon the Plan. Plaintiff is informed and believes that plaintiff's former employer, the Lipman Company/Simpata, Inc. is now defunct.

**2.     FACTS**

Plaintiff was insured under a disability policy issued by Unum to the Lipman Company dba Opti-Source. Plaintiff made a claim for benefits under the Plan claiming that he was disabled because of dermatomyositis. Plaintiff's claim was denied on November 6, 2001 and no appeal was made of the claim denial. At some point thereafter, Unum entered into the Regulatory Settlement Agreement and California Settlement Agreement and Plaintiff elected to participate in the Reassessment Program. On January 31, 2007, Unum accepted Plaintiff's claim for the period February 3, 2001 through June 30, 2002, but denied that Plaintiff was entitled to any additional benefits. Through the California Settlement Agreement's Independent Review Process, on February 6, 2007, Plaintiff voluntarily appealed Unum's determination that he was only entitled to benefits through June 2002. On April 11, 2007, upon appeal, Unum upheld the January 31, 2007 determination that Plaintiff was entitled to benefits under the policy for a closed period of time. Plaintiff then commenced this lawsuit.

**3.     LEGAL ISSUES**

a) Has Plaintiff exhausted his administrative remedies.

b) Has the statute of limitations run on Plaintiff's claim.

c) If the statute of limitations has run on the original claim decision does Unum's payment of benefits in 2007 establish a new cause of action.

d) If the statute of limitations has run on the original claim decision does the California Settlement Agreement revive the claim.

e) Does the payment of benefits in 2007 mandate that the statute of limitations did not begin to accrue until the payment of benefits and the subsequent termination.

f) Should the Court employ the *de novo* standard of review or the abuse of discretion standard of review.

g) Dependent upon the standard of review, what degree of deference should the Court give to the claims decision.

h) Is the Plaintiff disabled within the meaning of the plan documents and the policy.

i) What is the amount of benefits to which Plaintiff is entitled pursuant to the terms and conditions of the policy at issue in this action.

j) Was the Independent Review Process in compliance with the California Settlement Agreement.

k) Does the Court have jurisdiction to make any determination regarding the Independent Review Process and the California Settlement Agreement.

### 4. MOTIONS

Plaintiff anticipates making a motion as to the sufficiency of the Independent Review Process under the California Settlement Agreement. Plaintiff may also make a motion to determine the scope of the Record and/or augment the Record. Plaintiff would object to a motion for summary judgment regarding the overall propriety of Defendant's denial-of-benefits as such decision is properly adjudicated at trial.

Unum will move for summary judgment on the statute of limitations and exhaustion of remedies issues. Unum may make a motion for summary judgment on the merits. Unum does not agree that this Court has jurisdiction to rule on the sufficiency of the Independent Review Process and/or enforcement of the California Settlement Agreement. Unum will make the appropriate motion if Plaintiff pursues this claim. Unum does not agree that the Administrative

Record may be augmented and if Plaintiff pursues discovery as set forth below, Unum will make the appropriate motions.

### 5. AMENDMENT OF PLEADINGS

Plaintiff will amend the complaint once the identity of the correct Plan entity is ascertained.

### 6. EVIDENCE PRESERVATION

None.

### 7. DISCLOSURES

FRCP 26(f)(1): The parties have agreed to produce their respective initial disclosures by July 30, 2007.

### 8. DISCOVERY

Plaintiff intends to serve written discovery to ascertain whether there was any proper grant of discretionary power, and if properly granted, if discretionary power remained valid. Plaintiff intends to serve written discovery on the nature, extent and effect of any conflict of interest on the claims decision. Plaintiff may also conduct limited deposition discovery of the reviewing physicians, and those individuals who determined Plaintiff's eligibility for benefits under the Plan. Plaintiff anticipates deposition discovery will be minimal. Dependent upon the contents of Defendant's initial disclosures, Plaintiff reserves the right to conduct discovery regarding the proper contents of the claim file produced by Defendant. Plaintiff intends to conduct discovery on the legal effect Unum's claim decisions pursuant to the California Settlement Agreement have on reassessment participants. Plaintiff may also conduct discovery on the manner in which the Independent Review Process, as implemented, contradicted the terms of the Independent Review Process as entered into by the California Department of Insurance on behalf of California Consumers.

Defendant contends that as this is an ERISA case, no evidence outside the Administrative Record is admissible; there is no need for discovery; depositions of physicians are improper and there is no basis for discovery related to the California Settlement Agreement and the Independent Review Process.

**9. CLASS ACTIONS**

This is not a class action.

**10. RELATED CASES**

There are no related cases.

**11. RELIEF**

The parties agree that if liability is established, Plaintiff would only be entitled to the specific damage amount under the policy from the termination of benefits to the date of the entry of judgment, less any applicable offsets. Plaintiff contends that he is also entitled to prejudgment and postjudgment interest, costs and his attorneys' fees. Plaintiff further prays for injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan.

Plaintiff may also seek declaratory and/or injunctive relief regarding the sufficiency of the Independent Review Process.

**12. SETTLEMENT AND ADR**

The only impediment to early ADR is the need to determine whether Unum's statute of limitations defense has merit.

Plaintiff prefers that the matter be referred to a Magistrate Judge. Unum believes that this matter is more appropriately assigned to the Early Neutral Evaluation Program.

The parties have requested an ADR teleconference which is scheduled for July 26, 2007 at 10:30 a.m.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties consent to the assignment of this matter to a Magistrate Judge for all purposes.

**14. OTHER REFERENCES**

No other references are appropriate or needed.

**15. NARROWING OF ISSUES**

The referenced summary motions will narrow the issues for trial.

**16. EXPEDITED SCHEDULE**

An expedited schedule could be appropriate, provided sufficient time is allowed for the anticipated summary judgment motions.

### 17. SCHEDULING

| | |
|---|---|
| **Discovery cutoff:** | January 14, 2008 |
| **Last day to Hear Dispositive Motions:** | January 28, 2008 |
| **Opening Trial Briefs:** | February 27, 2008 |
| **Responsive Trial Briefs:** | March 12, 2008 |
| **Trial:** | March 26, 2008 |

### 18. TRIAL

This will be a court trial. No testimony will be given so the time allotted would be same as for an extended summary judgment hearing.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Unum and Plaintiff have filed their respective Certificates of Interested Entities or Persons.

Plaintiff's Disclosure:

The undersigned, counsel of record for Plaintiff Jeffrey Simon certifies that the following listed parties have a direct, pecuniary interest in the outcome of this case. The following is a list of the names of all such parties with their connection and interest herein: (1) Jeffrey Simon; (2) Unum Life Insurance Company of America; and (3) The Lipman Company dba Opti Source.

Unum's Disclosure:

Pursuant to Civil L.R. 3-16, the undersigned, counsel of record for defendant Unum Life Insurance Company of America, certifies that there are no other interested entities or persons other than defendant Unum Life Insurance Company of America and its parent corporation, Unum Group, formerly known as UnumProvident Corporation, who have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

KELLY, HERLIHY & KLEIN LLP

Dated: July 23, 2007                By___/s/_____
                                        John C. Ferry
                                    Attorneys for Defendant
                                    UNUM LIFE INSURANCE
                                    COMPANY OF AMERICA


KANTOR & KANTOR, LLP

Dated: July 23, 2007                By___/s/_____
                                        Corinne Chandler
                                    Attorneys for Plaintiff
                                        Jeffrey Simon

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C07-2213 WDB

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 17216 Parthenia Street, Northridge, California 91325.

On July 23, 2007, I served the foregoing document described as: JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT in this action by personally serving a true copy thereof addressed as follows:

John C. Ferry, Esq.
Kelly, Herlihy & Klein LLP
44 Montgomery Street, #2500
San Francisco, CA 94104-4798

(BY MAIL)

[ ]   I deposited such envelope in the mail at Northridge, California. The envelope was mailed with postage thereon fully prepaid.

[X]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Northridge, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]   (BY FACSIMILE) I faxed such document to the facsimile number above following regular business practices.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 23, 2007, Northridge, California.

_____/s/_____
Mildred Schwam