1  Glenn R. Kantor - SBN 122643
   gkantor@kantorlaw.net
2  Corinne Chandler - SBN 111423
   cchandler@kantorlaw.net
3  Brent D. Brehm - SBN 248983
   bbrehm@kantorlaw.net
4  KANTOR & KANTOR, LLP
   17216 Parthenia Street
5  Northridge, CA 91325
   (818) 886-2525 (TEL)
6  (818) 350-6272 (FAX)

7  Attorneys for Plaintiff, Jeffrey Simon

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12 JEFFREY SIMON,                    )    CASE NO: 07-CV-02213 WDB
                                     )
13                                   )    [PROPOSED]  FIRST  AMENDED
          Plaintiff,                 )    COMPLAINT FOR:
14                                   )
      VS.                            )    BREACH OF THE EMPLOYEE
15                                   )    RETIREMENT INCOME
   UNUM LIFE INSURANCE               )    SECURITY ACT OF 1974;
16 COMPANY OF AMERICA AND THE )        INJUNCTIVE AND
   LIPMAN COMPANY DBA OPTI-          )    DECLARATORY RELIEF;
17 SOURCE;                           )    PREJUDGMENT AND
                                     )    POSTJUDGMENT INTEREST;
18        Defendants.                )    AND ATTORNEYS' FEES' AND
                                     )    COSTS
19 _____

20        Plaintiff, Jeffrey Simon herein sets forth the allegations of his Complaint against

21 Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA AND THE

22 LIPMAN COMPANY DBA OPTI-SOURCE.

23                        **PRELIMINARY ALLEGATIONS**

24        1.    "Jurisdiction" - This action is brought under 29 U.S.C. sections 1132(a), (e),

25 (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter

26 "ERISA") as it involves a claim by Plaintiff for employee benefits under employee

27 benefit plans regulated and governed under ERISA.  Jurisdiction is predicated under

28 these code sections as well as 28 U.S.C. sections 1331 as this action involves a federal

                                        1

question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan; to clarify and enforce Plaintiff's past, present and future rights to benefits under all of the employee benefit plans named herein as defendants; and, to obtain other equitable relief, including but not limited to, restitution, an injunction ordering defendants to qualify Plaintiff for the receipt of benefits and to pay Plaintiff benefits to which Plaintiff is entitled; for prejudgement and postjudgment interest; and for attorneys' fees and costs.

2.    Plaintiff was at all times relevant, an employee of Simpata, Inc., and a resident and citizen of the County of Alameda. Plaintiff is currently residing in Alameda County.

3.    Plaintiff is informed and believes that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.   UNUM is the insurer of benefits under the LTD Plan.   Defendant UNUM is also a Plan fiduciary as defined under ERISA.

4.    Plaintiff is informed and believes that Defendant THE LIPMAN COMPANY DBA OPTI-SOURCE (hereinafter "LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by Simpata, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits under.   Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled as required under the terms of the LTD Plan.   At all relevant times the LTD Plan was doing business in this judicial district, in that it covers employees residing in this judicial district. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district.   The LTD claim at issue herein was also specifically administered in this judicial district.   Thus, venue is proper in this judicial district pursuant to 29 U.S.C. section 1132(e)(2) (special venue

1    rules applicable to ERISA actions).

2    **FIRST CAUSE OF ACTION AGAINST**

3    **THE LIPMAN COMPANY DBA OPTI-SOURCE**

4    **AND UNUM LIFE INSURANCE COMPANY OF AMERICA**

5    **FOR DENIAL OF PLAN BENEFITS**

6        5.      At all times relevant, Plaintiff was employed by Simpata, Inc. During the

7    course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms

8    and conditions of the LTD Plan and other employee benefit plans established and

9    maintained by Simpata, Inc. Specifically, while Plaintiff was covered under the LTD

10   Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under

11   the terms of the LTD Plan.

12       6.      At all times herein mentioned, Plaintiff was a covered participant under the

13   terms and conditions of the LTD Plan.

14       7.      Pursuant to the terms of the LTD Plan, Plaintiff made a claim to UNUM for

15   LTD benefits under the Plan. Plaintiff's claim for benefits was denied on November 6,

16   2001. Pursuant to the Unum Regulatory Settlement Agreement, in September 2006,

17   Plaintiff made a claim to Unum for reassessment.. On January 31, 2007, Unum advised

18   Plaintiff that it had completed its reassessment of his claim and determined that Plaintiff

19   was entitled to benefits for the closed period of time, February 3, 2001 through June

20   2002 and paid him said benefits in 2007. Plaintiff appealed Unum's determination that

21   he was only entitled to benefits through June 2002 and on April 11, 2007, UNUM

22   erroneously and wrongfully continued to uphold its prior determination denying

23   Plaintiff's claim for LTD benefits past June 2002.

24       8.      Defendants UNUM and LTD Plan wrongfully denied Plaintiff's claim, in

25   the following respects:

26       (a)     Failure to pay LTD benefit payments to Plaintiff at a time when

27   UNUM and the LTD Plan knew, or should have known, that Plaintiff was entitled to

28   those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to

3

1    work and therefore entitled to benefits. Even though the LTD Plan and UNUM had such

2    knowledge, UNUM denied Plaintiff's LTD benefits;

3              (b)    Withholding LTD benefits from Plaintiff knowing Plaintiff's claim

4    was valid, for the reasons set forth in subparagraph (a) above;

5              (c)    Failure to provide a prompt and reasonable explanation of the basis

6    relied on under the terms of the LTD Plan documents, in relation to the applicable facts

7    and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

8              (d)    After Plaintiff's claim was denied in whole or in part, UNUM failed

9    to adequately describe to Plaintiff any additional material or information necessary for

10   Plaintiff to perfect his claim along with an explanation of why such material is or was

11   necessary;

12             (e)    Concealing and withholding from Plaintiff the notice requirements

13   UNUM and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the

14   regulations promulgated thereunder, particularly Code of Federal Regulations

15   §2560.503-1(e) - (g), inclusive; and

16             (f)    Failing to properly and adequately investigate the merits of Plaintiff's

17   disability claim.

18        9.    Plaintiff is informed and believes and thereon alleges that these named

19   defendants wrongfully denied his disability benefits under the LTD Plan by other acts

20   or omissions of which Plaintiff is presently unaware, but which may be discovered in this

21   future litigation and which Plaintiff will immediately make defendants aware of once

22   said acts or omissions are discovered by Plaintiff.

23        10.    Following the denial of Plaintiff's disability claim under the LTD Plan,

24   Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has

25   performed all duties and obligations on Plaintiff's part to be performed under the LTD

26   Plan.

27        11.    As a proximate result of the aforementioned wrongful conduct of the LTD

28   Plan and UNUM, and each of them, Plaintiff has damages for loss of disability benefits

4

1    in a total sum to be shown at the time of trial.

2       12.    As a further direct and proximate result of this improper determination

3    regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to

4    incur attorneys' costs and fees.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is

5    entitled to have such fees and costs paid by Defendant(s).

6

7              **SECOND CAUSE OF ACTION AGAINST**

8          **THE LIPMAN COMPANY DBA OPTI-SOURCE**

9       **AND UNUM LIFE INSURANCE COMPANY OF AMERICA**

10                  **FOR EQUITABLE RELIEF**

11       13.    Plaintiff refers to and incorporates by reference paragraphs 1 through 13 as

12    though fully set forth herein.

13       14.    As a direct and proximate result of the failure of the LTD Plan and/or

14    UNUM to pay disability benefits to Plaintiff, and the resulting injuries and damages

15    sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that

16    this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

17       (a)    Restitution of all past benefits due to Plaintiff under the LTD Plan,

18    plus prejudgment and postjudgment interest at the lawful rate;

19       (b)    A mandatory injunction issued requiring defendants LTD Plan and

20    UNUM to immediately qualify Plaintiff for past disability benefits under the LTD Plan,

21    and to continue such qualification for so long as Plaintiff remains totally disabled under

22    the terms of the Plan; and

23       (c)    Such other and further relief as the Court deems necessary and proper

24    to protect Plaintiff's interests as a disabled employee and/or participant under the LTD

25    Plan.

26

27

28

1

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## THE LIPMAN COMPANY DBA OPTI-SOURCE UNUM LIFE INSURANCE
## COMPANY OF AMERICA
## FOR DECLARATORY RELIEF

15.    Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

16.    A controversy now exists between UNUM and/or the LTD Plan on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and was and is entitled to continued LTD benefits from Defendant UNUM and/or the LTD Plan. Plaintiff further seeks a declaration by this Court that if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1.    Payment of disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2.    For a declaration that Plaintiff is disabled under the terms of the LTD Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3.    For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4.    Pursuant to 29 U.S.C. section 1132(g) for all costs and attorney fees incurred in pursuing this action;

6

5.     For prejudgement and postjudgment interest as allowed for under ERISA; and

6.     For such other and further relief as this Court deems just and proper.

DATED:   July 27, 2007                    KANTOR & KANTOR, LLP

                                          BY _Corinne Chandler_____

                                          Corinne Chandler
                                          Attorney for Plaintiff Jeffrey Simon

7

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 17216 Parthenia Street, Northridge, California 91325.

     On July 27, 2007, I served the foregoing document described as: [PROPOSED] FIRST AMENDED COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS in this action by personally serving a true copy thereof addressed as follows:

John C. Ferry, Esq.
Kelly, Herlihy & Klein LLP
44 Montgomery Street, #2500
San Francisco, CA 94104-4798

(BY MAIL)

[ ]    I deposited such envelope in the mail at Northridge, California. The envelope was mailed with postage thereon fully prepaid.

[X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Northridge, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]    (BY FACSIMILE)  I faxed such document to the facsimile number above following regular business practices.

[ ]    (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on July 27, 2007, Northridge, California.

_____
Mildred Schwam