THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.:  (415) 951-0535
Fax:  (415) 391-7808
Email: herlihy@kelher.com
Email: jferry@kelher.com

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SIMON ) | Case No.:  C07-2213 WDB |
| Plaintiff, ) | **DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. ) | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA and THE LIPMAN COMPANY, INC. LONG TERM DISABILITY PLAN ) | |
| Defendants | |

Comes now Defendant Unum Life Insurance Company of America ("Unum") answers the complaint ("complaint") filed by plaintiff Jeffrey Simon ("plaintiff") in this action as follows:

**PRELIMINARY ALLEGATIONS**

1. Answering the allegations of paragraph 1 of the complaint, Unum admits this action concerns a group disability insurance policy and is governed under ERISA. Unum denies the remaining allegations of paragraph 1.

2. Answering the allegations of paragraph 2 of the complaint, Unum is without information or belief to answer said allegations and based thereon denies said allegations.

3. Answering the allegations of paragraph 3 of the complaint, Unum admits the allegations.

4. Answering the allegations of paragraph 4 of the complaint, Unum is without information or belief to answer the allegations related to plaintiff's status as a participant under the Plan and based thereon denies said allegations. As to the remaining allegations of said paragraph 4, Unum admits this court has jurisdiction and that venue is proper in this district.

**FIRST CAUSE OF ACTION**

5. Answering the allegations of paragraph 5 of the complaint, Unum denies that plaintiff suffered a disability as defined by the Plan; Unum is without information or belief to answer the remaining allegations of said paragraph and based thereon, denies said allegations.

6. Answering the allegations of paragraph 6 of the complaint, Unum is without information or believe to answer said allegations and based thereon, denies said allegations.

7. Answering the allegations of paragraph 7 of the complaint, Unum denies that it "erroneously and wrongfully continued to uphold its prior determination denying plaintiff's claim for LTD benefits past June 2002"; Unum admits the remaining allegations of said paragraph 7.

8. Answering the allegations of paragraph 8 of the complaint, Unum denies each and every allegation contained in said paragraph, including sub-paragraphs (a) through (f) inclusive.

9. Answering the allegations of paragraph 9 of the complaint, Unum denies the allegations.

10. Answering the allegations of paragraph 10 of the complaint, Unum denies the allegations.

11. Answering the allegations of paragraph 11 of the complaint, Unum denies the allegations.

12 Answering the allegations of paragraph 12 of the complaint, Unum denies the allegations.

## SECOND CAUSE OF ACTION

13. Answering the allegations of paragraph 13 of the complaint, Unum incorporates by reference its responses to paragraphs 1-12 as though fully set forth herein.

14. Answering the allegations of paragraph 14 of the complaint, Unum denies the allegations.

## THIRD CAUSE OF ACTION

15. Answering the allegations of paragraph 15 of the complaint, Unum incorporates by reference its responses to paragraphs 1-14 as though fully set forth herein.

16. Answering the allegations of paragraph 16 of the complaint, Unum denies the allegations.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

17. As a first affirmative defense, Unum alleges that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a claim for relief against Unum.

## SECOND AFFIRMATIVE DEFENSE

18. As a second affirmative defense, Unum alleges, on information and belief, that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in his complaint.

### THIRD AFFIRMATIVE DEFENSE

19.  As a third affirmative defense, Unum alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in his complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

### FOURTH AFFIRMATIVE DEFENSE

20.  As a fourth affirmative defense, Unum alleges, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

### FIFTH AFFIRMATIVE DEFENSE

21.  As a fifth affirmative defense, Unum alleges that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

### SIXTH AFFIRMATIVE DEFENSE

22.  As a sixth affirmative defense, Unum alleges, on information and belief, that plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against Unum by reason of his complaint.

### SEVENTH AFFIRMATIVE DEFENSE

23.  As a seventh affirmative defense, Unum denies that plaintiff has sustained any injury or damage by any act or omission by Unum.  However, if it is established that plaintiff suffered an injury or damage for which Unum is held liable, Unum alleges that such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on his behalf and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any damages plaintiff can recover from Unum in this action.

### EIGHTH AFFIRMATIVE DEFENSE

24.  As an eighth affirmative defense, Unum alleges that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than Unum, and for whom Unum is not responsible.  The negligence and

fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Unum in this action.

### NINTH AFFIRMATIVE DEFENSE

25. As a ninth affirmative defense, Unum alleges that plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate his damages, if he has any. As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

26. As a tenth affirmative defense, Unum alleges that plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE

27. As an eleventh affirmative defense, Unum alleges that each and every act or statement done or made by Unum, or by Unum's agents or employees, with reference to plaintiff, before and after plaintiff filed his original complaint, was privileged as a good faith assertion of Unum's legal and contractual rights.

### TWELFTH AFFIRMATIVE DEFENSE

28. As a twelfth affirmative defense, Unum alleges that plaintiff is not entitled to any further benefits or any other compensation from Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

29. As a thirteenth affirmative defense , Unum alleges that pursuant to the provisions set forth in the Group Policy and Plan document Unum was vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the Group Policy. Unum's claim decision is properly reviewed by the court under an arbitrary and capricious standard of review.   Unum's claim decision was not arbitrary and capricious.

### FOURTEENTH AFFIRMATIVE DEFENSE

30. As a fourteenth affirmative defense, Unum alleges that plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

-4-

**FIFTEENTH AFFIRMATIVE DEFENSE**

31. As a fifteenth affirmative defense, Unum alleges that plaintiff's complaint is barred by the applicable statutes of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

32. As a sixteenth affirmative defense, Unum alleges that plaintiff does not have standing to bring this action pursuant to a claim decision under the Regulatory Settlement Agreement.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

33. As a seventeenth affirmative defense, Unum alleges that plaintiff does not have standing to bring this action pursuant to a claim decision under the California Settlement Agreement.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

34. As an eighteenth affirmative defense, Unum alleges that its claim decision was correct and proper under the terms of the Plan and/or Group Policy

**NINETEENTH AFFIRMATIVE DEFENSE**

35. As a nineteenth affirmative defense, Unum alleges that plaintiff, by virtue of the legal doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against Unum.

**TWENTIENTH AFFIRMATIVE DEFENSE**

36. As a twentieth affirmative defense, Unum alleges that plaintiff is not entitled to, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in his complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

37. As a twenty-first affirmative defense, Unum alleges that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

38. As a twenty-second affirmative defense, Unum alleges that plaintiff's remedy for any alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

39. As a twenty-third affirmative defense, Unum reserves its right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Unum prays for judgment to be determined by the court/jury in its favor as follows:

1. That plaintiff take nothing by reason of his complaint on file herein;
2. That Unum be awarded its costs and expenses incurred in this action;
3. That Unum be awarded its attorneys' fees incurred in this action; and
4. That Unum recover such other and further relief as the Court may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Dated: August 21, 2007                    By_____/s/_____
                                                          John C. Ferry
                                                    Attorneys for Defendant
                                                    UNUM LIFE INSURANCE
                                                    COMPANY OF AMERICA

E:\27161\P06